# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 06, 2026

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY_____JG_____D.C.

*Apr 6, 2026*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 25-12405-DD
Case Style: USA v. Samuel Knowles
District Court Docket No: 1:00-cr-00425-JIC-6

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12405
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SAMUEL KNOWLES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:00-cr-00425-JIC-6

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 2, 2026

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: April 6, 2026

**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-12405
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SAMUEL KNOWLES,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:00-cr-00425-JIC-6

————————————

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Samuel Knowles, proceeding with counsel, appeals the district court's order denying his pro se third motion for a new trial. He was found guilty of conspiring to import cocaine from June

2                      Opinion of the Court                  25-12405

1995 to April 1996, in violation of 21 U.S.C. §§ 952(a), 960(a)(i), and 960(b)(1)(B)(ii), all in violation of 21 U.S.C. § 963 (Count 1), and conspiring to possess with intent to distribute cocaine from June 1995 to April 1996, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii), all in violation of 21 U.S.C. § 846 (Count 2).  On appeal, Knowles argues that the district court abused its discretion in summarily denying his third pro se motion for a new trial based on its finding that he was unable to establish equitable tolling to overcome the time bar for motions for a new trial.  After careful review, we affirm.

We review the denial of a motion for a new trial for abuse of discretion.  *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  "A district court abuses its discretion when it misapplies the law in reaching its decision or bases its decision on findings of fact that are clearly erroneous."  *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013) (citation modified).  We construe documents filed pro se liberally.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

A judge has no power to order a new trial on his own motion.  *United States v. Eaton*, 501 F.2d 77, 79 (5th Cir. 1974).[1]  Federal Rule of Criminal Procedure 33 governs motions for new trial.  The broad standard for granting a new trial is whether the verdict must be set aside in "the interest of justice."  *United States v. Vicaria*, 12

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

F.3d 195, 198 (11th Cir. 1994) (quoting Fed. R. Crim. P. 33). If "the acumen gained by a trial judge over the course of the proceedings [makes] him well qualified to rule on the basis of affidavits without a hearing," then the district court does not err in declining to hold an evidentiary hearing on the motion for a new trial. *United States v. Hamilton*, 559 F.2d 1370, 1373–74 (5th Cir. 1977).

A motion for new trial generally must be filed within 14 days after the verdict is returned. Fed. R. Crim. P. 33(b)(2). The period commences on the day after the verdict is returned. *United States v. Hill*, 177 F.3d 1251, 1252–53 (11th Cir. 1999). An exception exists, however, for motions based on newly discovered evidence, which may be filed within three years of the return of the verdict. Fed. R. Crim. P. 33(b)(1).

The timeliness of a Rule 33 motion for a new trial is not a jurisdictional question but, rather, a claim-processing rule. *Eberhart v. United States*, 546 U.S. 12, 19 (2005). The deadline for filing a motion for a new trial, based on any ground other than newly discovered evidence, is rigid. *United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006) (en banc) (upholding the district court's denial of a renewed motion for a new trial based on the interests of justice under Rule 33(b)(2) where the motion was untimely). The government can forfeit its defense of untimeliness if it fails to raise the defense before the district court reaches the merits of the Rule 33 motion. *See Eberhart*, 546 U.S. at 18.

In the habeas context, where we commonly encounter equitable tolling claims, we've held that equitable tolling is an extraordinary remedy, typically applied sparingly to rare and exceptional circumstances. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (habeas). For equitable tolling to apply, the movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (habeas). For equitable-tolling purposes, only reasonable diligence is required, not "maximum feasible diligence." *Id.* at 653 (citation modified). The focus of the "extraordinary circumstances" inquiry "is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (habeas) (citation modified). Moreover, to show extraordinary circumstances, a defendant must show a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (habeas).

Here, the district court did not abuse its discretion in sua sponte denying Knowles's third motion for a new trial -- seeking a new trial based on newly discovered evidence that the government allegedly utilized information in the instant case from a case where they lacked jurisdiction and that they allegedly prosecuted Knowles on an apparently flawed theory of conspiracy. As the record reflects, Knowles was convicted by a jury in 2008 and he filed his third motion for a new trial in 2025, which is well after the

25-12405              Opinion of the Court                    5

three-year window provided by Rule 33. Fed. R. Crim. P. 33(b)(1). Thus, Knowles's motion was untimely under Rule 33.

Moreover, even if we assume that equitable tolling applies to Rule 33 motions, Knowles has failed to establish the elements for equitable tolling of the three-year limitations period for motions for a new trial. *See Holland*, 560 U.S. at 649. While Knowles based his claim of newly discovered evidence on a presentence investigation report ("PSI") and a United States Marshals Service ("USMS") report, they are insufficient to toll the Rule 33 time bar. Indeed, Knowles was not obstructed by "extraordinary circumstances" from obtaining his PSI sooner; to the contrary, he affirmed during his 2008 sentencing hearing that he had received and reviewed a copy of his PSI. Nor has he explained how he was obstructed by "extraordinary circumstances" from obtaining the USMS report, especially since he received it through a Freedom of Information Act request and since he likely had personal knowledge of its contents, which included basic biographical and criminal record information about Knowles and his known associates.

As for Knowles's claim that the district court could not sua sponte deny his motion because he was entitled to notice and an opportunity to be heard, he provides no binding authority supporting his position. In any event, Knowles was given an opportunity to be heard -- he specifically addressed the issues of timeliness and equitable tolling in his motion. Further, the district judge had the "acumen" to adequately rule on the motion for new trial without

6                    Opinion of the Court                    25-12405

an evidentiary hearing because he had presided over Knowles's trial and sentencing and was clearly familiar with the record. *Hamilton*, 559 F.2d at 1373–74.

In short, the district court did not abuse its discretion in denying Knowles's motion sua sponte because his motion was clearly outside the three-year window and Knowles failed to establish the elements for equitable tolling. Accordingly, we affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 02, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  25-12405-DD
Case Style:  USA v. Samuel Knowles
District Court Docket No:  1:00-cr-00425-JIC-6

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion